IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.W., *et. al.*, | : | 4:13-CV-3051 |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| | : | |
| JULIE A. HOLTZAPPLE, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

July 10, 2014

Plaintiffs, a group of six students (at the time of the events in question) at Bucknell University in Lewisburg, Pennsylvania filed a complaint against defendants, Julie A. Holtzapple, James R. Middleton, Michael C. Giffiths, Degg H. Stark, Susan L. Lantz, Jason D. Friedberg, Lewis A. Marrara, II, Amy A. Badal, Wayne A. Bromfield, Michael A. Smyer, John C. Bravman, Bucknell University (collectively the "Bucknell Defendants"), Ernest R. Ritter, III, Jeffrey A. Tice, Justin N. Rosboschil, Ryan E. King, Union County, Pennsylvania, and Montour County, Pennsylvania (collectively the "County Defendants") on December 19, 2013 in the United States District Court for the Middle District of Pennsylvania.

On March 11, 2014, Plaintiffs filed an amended complaint.  ECF No. 20.  According to the amended complaint, in February 2013, Plaintiffs were residing in a Bucknell University owned fraternity house when various defendants entered, or approved the entry of, the fraternity house to conduct a search for contraband.  The search resulted in the discovery of marijuana, marijuana smoking devices, and some small weapons.  The Plaintiffs were never charged or prosecuted criminally; they merely received minor sanctions from Bucknell University, including a fine and community service.  Bucknell University kept the discipline and the students' identities confidential.

Plaintiffs request the ability to use fictitious names while proceeding with the instant lawsuit because the nature of the disciplinary proceedings at Bucknell was for possession of contraband, and Plaintiffs are concerned that, if disclosed to the general public, this information will damage their standing with fellow students and professors and potentially interfere with future opportunities for higher education and employment.   Plaintiffs assert that Defendants are already aware of Plaintiffs identities, so the lawsuit would only proceed anonymously from the public's perspective.  Plaintiffs further assert that publishing their names would cause the very harm that they are trying to prevent.

Both the Bucknell Defendants and the County Defendants argue that there is a strong presumption in favor of open proceedings and that there are no exceptional circumstances in this case to justify the litigation proceeding anonymously. Both the Bucknell Defendants and the County Defendants argue that the *Provident Life*, *infra,* factors strongly weigh against anonymity.

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) "That a plaintiff may suffer embarrassment or economic harm is not enough." *Id.* "Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."" *Id, citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010).

"[M]any federal courts [] have permitted parties to proceed anonymously when special circumstances justify secrecy" *Megless*, 654 F.3d at 408 (internal citations omitted). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005); *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004).

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir.1990), and Rule 10(a)'s command that the title of every complaint "include the names of all the parties," Fed.R.Civ.P. 10(a)." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (Plaintiffs were permitted to use fictitious names in their complaint because they feared that, if their identities are disclosed to defendants and other nonparties to this action, they would be fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China. The United States Court of Appeals for the Ninth Circuit held that where, as here, the named plaintiffs in a Fair Labor Standards Act collective action demonstrate that they have an objectively reasonable fear of extraordinarily severe retaliation, they may conceal their identities from defendants.) "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Megless*, 654 F.3d at 408 (internal citation omitted).

"[Courts of Appeals have] held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII*

214 F.3d at 1068 *citing M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir.1998); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir.1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

"Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.""[1] *Megless 654 F.3d at 408.*,

---

[1] The United States Court of Appeals for the Ninth Circuit has summarized the situations in which a District Court may permit a plaintiff to use a fictitious name in the following manner:

> [Other appellate courts have] held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir.1998); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir.1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, *see Stegall*, 653 F.2d at 186; *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D.Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," *James*, 6 F.3d at 238; *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Stegall*, 653 F.2d at 185; *see also Doe v.*

*citing Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

The United States Court of Appeals for the Third Circuit has never set forth a test for lower "courts to apply to determine if a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Megless*, 654 F.3d at 408. In *Megless*, the Third Circuit endorsed a non-exhaustive list of factors to be balanced against each other that was developed by Judge Clarence C. Newcomer in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997).

> The factors in favor of anonymity included:
>
> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."
>
> On the other side of the scale, factors disfavoring anonymity included:

---

*Commonwealth's Attorney for City of Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), *judgment aff'd. by* 425 U.S. 985, 96 S.Ct. 2192, 48 L.Ed.2d 810 (1976).

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."[2]

*Provident Life,* 176 F.R.D. at 467-8.

There is no potential for serious harm to Plaintiffs in the case at bar. There are also no special circumstances that would justify an exception to one of the hallmarks of the American democracy, the openness of our courts. This is not a case involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."' *See, Megless, supra.* The only harm to Plaintiffs is that which they identified - the embarrassment of possession of contraband and that news media outlets may discuss the story, which

---

[2]The United States Court of Appeals for the Sixth Circuit looks at the following factors to determine if an exception is justified:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005), *citing Doe v. Porter,* 370 F.3d 558, 560 (6th Cir.2004).

will then live in perpetuity through web searches on the internet.[3]

The *Megless/Provident Life/Citizens for a Strong Ohio* factors certainly mitigate against Plaintiffs arguments in favor of anonymity. Plaintiffs here are not children, but adults who have left the nest to explore the world; albiet, the semi-sheltered world of college life at a private, small, expensive liberal arts college in rural Pennsylvania.

Bucknell kept the students disciplinary record confidential; Plaintiffs have therefore been protected from public disclosure up to this point. However, the Bucknell's desire to protect its students has no bearing on the instant proceedings. The public has no compelling need to protect the identities of adults alleging *Fourth Amendment* violations (to be contrasted with the use of pseudonyms for sexual assault victims, the public has a compelling need to protect identities to promote disclosure by these victims). Moreover, this case does not involve private medical information; a risk to Plaintiffs of future imprisonment in the Peoples

---

[3]Curiously, Plaintiffs' counsel himself appears to have invited media scrutiny of the instant action. Posting on the social media site Twitter: "Class action lawsuit this morning against #Bucknell, Union/Montour Counties, & officials. Media will be reporting. TY! #jacoblitigation." Bucknell Df.'s Ex. 1, ECF No. 16-3 at 2. Counsel also posted "Bucknell students sue over 2012 residence searches shar.es/OzAGI via @sharethis # jacoblitigation #civilrights #bucknell." Bucknell Df.'s Ex. 2, ECF No. 16-4 at 2. Counsel also tweeted, "I just posted the #bucknell class action Federal Complaint on LinkedIn. #civilrights #jacoblitigation." Bucknell Df.'s Ex. 7 at 2.

Republic of China, the Islamic Republic of Iran, or even in the United States; nor does it involve the threat of loss of the right to invoke the *Fifth Amendment*. *See Advanced Textile Corp, supra* (summarizing the situations in which pseudonym use has been approved by circuit courts around the country, namely: when identification creates a risk of retaliatory physical or mental harm; when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature"; and when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.")

Here, Plaintiffs have only advanced arguments of embarrassment in front of peers and professors along with the possibility of denial of future employment benefits. "That a plaintiff may suffer embarrassment or economic harm is not enough." *Megless*, 654 F.3d at 408. Accordingly, Plaintiffs Motion to Use Fictitious Names will be denied.

Plaintiffs are ordered and directed to file a second amended complaint by July 23, 2014. The filing of a second amended complaint will moot all pending motions to dismiss; such motions may be refiled by Defendants after the amended complaint is filed, if warranted.

An Order in accordance with this Memorandum Opinion will issue today's date.

BY THE COURT:

<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge