**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN WAGNER, FRASIER ESTY, and TONY MIGLIORI, Individually, and as Class Representatives, Plaintiffs | CIVIL ACTION – LAW |
| v. | |
| JULIE A. HOLTZAPPLE, JAMES R. MIDDLETON, MICHAEL C. GRIFFITHS, DEGG H. STARK, SUSAN L. LANTZ, JASON D. FRIEDBERG, LEWIS A. MARRARA II, AMY A. BADAL, WAYNE A. BROMFIELD, MICHAEL A. SMYER, JOHN C. BRAVMAN, ERNEST R. RITTER III, JEFFREY A. TICE, JUSTIN M. ROSBOSCHIL, RYAN E. KING, D.H. STARK INVESTIGATIONS, BUCKNELL UNIVERSITY, UNION COUNTY, PENNSYLVANIA, and MONTOUR COUNTY PENNSYLVANIA, Defendants | NO: 4:13-cv-03051<br><br>(Honorable Matthew W. Brann)<br><br>ELECTRONICALLY FILED<br><br>Jury Trial Demanded |

**COUNTY DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT**

AND NOW, Defendants Montour County, Union County, Ryan E. King, Justin Rosbosch II (incorrectly named Rosboschil), Jeffrey A. Tice, and Ernest R.

Ritter III (hereinafter "County Defendants"), by and through their attorneys, Thomas, Thomas & Hafer, LLP, file their Motion to Dismiss and Motion to Strike Plaintiffs' Second Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure and in support thereof aver as follows:

1. Plaintiffs initiated this action by filing a Complaint on December 19, 2013. Doc. 1.

2. On February 11, 2014, Plaintiffs filed a Motion for Leave of Court to Proceed Using Fictitious Names Only in the Public Record. Doc. 12.

3. Plaintiffs filed an Amended Complaint in this action on March 11, 2014. Doc. 20.

4. On July 10, 2014, this Honorable Court issued a Memorandum and Order denying Plaintiffs' Motion for Leave and ordered Plaintiffs to file a second amended complaint in which Plaintiffs were to identify themselves by name rather than by initials. Docs. 34, 35.

5. Plaintiffs Kevin Wagner, Frasier Etsy, and Tony Miglior, purporting to act individually and on behalf of a class of individuals, filed their Second Amended Complaint on July 23, 2014. Doc. 36.

6. Plaintiffs' claims against Defendants Montour County, Union County, King, Ritter, Tice, and Rosbosch (hereinafter "County Defendants") arise out of an

inspection of their university-owned dormitory rooms on February 16, 2012. Doc. 36 at ¶¶ 53-93.

7. Plaintiffs allege that at all times relevant to this litigation they were Bucknell University students living in university-owned residences and subject to a student handbook that stated, in part, that "[t]he University reserves the right to enter your room in an emergency *or if there is reasonable cause to conclude that a violation of University policy, or state or federal law is occurring*." Id. at ¶ 49(d) (emphasis added).

8. It is well-settled that marijuana possession is a violation of university policy, as well as the laws of Pennsylvania and the United States. See Id. at ¶ 41-42; 35 P.S. § 780-113; 21 U.S.C. § 841.

9. Plaintiffs allege that their university residences were part of an ongoing university probe into illegal drug use and possession, and Plaintiffs admit that the alleged inspection resulted in the confiscation of marijuana, drug paraphernalia, and other instruments of crime. Doc. 36 at ¶¶ 78, 85, 89.

10. Plaintiffs have asserted the following causes of action against County Defendants individually: 1) a claim pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth Amendment as against the individual County Defendants (Count I); 2) a claim pursuant to 42 U.S.C. § 1983 alleging violations of the First and/or Fourth Amendment for supervisory liability as against Defendant Ritter

(Count III); 3) a claim pursuant to 42 U.S.C. § 1983 alleging violations of the First and/or Fourth Amendment for failure to train as against Defendants Ritter, Union County, and Montour County (Count IV); 4) a claim pursuant to 42 U.S.C. § 1983 alleging violations of the First and/or Fourth Amendment for municipal liability as against Defendants Ritter, Union County, and Montour County (Count V); 5) a claim for violation of Article I Section 8 of the Pennsylvania Constitution as against all individual County Defendants (Count VI); and 6) a pendent state law claim for civil conspiracy as against the individual County Defendants (Count IX).

## I. Counts I And III Of The Second Amended Complaint Should Be Dismissed Because Plaintiffs Have Failed To State A Claim Under The Fourth Amendment

11. In Count I of the Second Amended Complaint, Plaintiffs allege that the individual County Defendants violated Plaintiffs' Fourth Amendment rights by conducting a warrantless search of their dorm rooms. Doc. 36 at ¶¶ 125-44.

12. Similarly, in Count III of the Second Amended Complaint, Plaintiffs assert that Defendant Ritter is liable for that alleged Fourth Amendment violation under the doctrine of supervisory liability. Id. at ¶¶ 153-57.

13. Courts have held that students may validly waive Fourth Amendment protections with respect to their university-owned rooms when such a waiver appears in the terms of a housing policy or student handbook. State v. Hunter, 831

P.2d 1033 (Utah Ct. App. 1992); Grubbs v. State, 177 S.W.3d 313 (Tex. App. 2005).

14. In their Second Amended Complaint, Plaintiffs admit that the Bucknell University Student Handbook, to which they were bound, permitted for warrantless entry into university-owned residences upon reasonable suspicion that a violation of university policy or the law was occurring. Doc. 36 at ¶¶ 49(c) and (d).

15. Plaintiffs also admit that their university-owned residences were inspected on February 16, 2012, based on suspicion of illegal drug use and possession in violation of university policy and the law. Id. at ¶¶ 53-90.

16. Accordingly, Plaintiffs have admitted that the situation at issue in this case was contemplated by the Student Handbook, and that the language of the Student Handbook clearly stated that Plaintiffs university-owned rooms could be inspected if reasonable suspicion existed as to ongoing violations of university policy or the law.

17. Because the Student Handbook authorized the inspection of Plaintiffs' university-owned residences under the circumstances alleged in the Second Amended Complaint, a Fourth Amendment violation did not occur and Plaintiffs waived their Fourth Amendment rights under the circumstances.

18. Because the allegations of the Second Amended Complaint make clear that a Fourth Amendment violation did not occur, Plaintiffs fail to state a claim in Count I of the Second Amended Complaint.

19. Similarly, since the individual County Defendants did not violate the Fourth Amendment, Defendant Ritter cannot be held liable for the same under a theory of supervisory liability as alleged in Count III of the Second Amended Complaint.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Counts I and III of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. County Defendants Are Entitled To Qualified Immunity With Respect To The Claims Asserted In Counts I And III Of The Second Amended Complaint

20. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Lease v. Fishel, No. 1:07-CV-0003, 2010 WL 1390607, at *7 (M.D. Pa. Mar. 31, 2010) (citing Pearson v. Callahan, 555 U.S. 223, 230 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

21. "As a general matter, a right is clearly established for purposes of qualified immunity when its contours are 'sufficiently clear that a reasonable

official would understand that what he is doing violates that right.'" Williams v. Bitner, 455 F.3d 186, 191 (3d Cir. 2006).

22. Based on the rather sparse amount of caselaw addressing this subject, it is not clearly established that an administrative search of a student residence based on language in a student handbook authorizing the same violates a student's Fourth Amendment protections when living in university-owned housing, see, e.g. Grubbs, 177 S.W.3d 313; Hunter, 831 P.2d 1033.

23. Indeed, a reasonably prudent law enforcement officer would view the language in the university handbook as Plaintiffs' consent to the precise type of inspection that allegedly occurred in this case. See U.S. v. Stabile, 633 F.3d 219, 230 (3d Cir. 2011) ("Consent is an exception to the requirements of both a warrant and probable cause.") (citations and quotations omitted).

24. In the absence of a clearly established right, and in the presence of contractual language indicating that Plaintiffs consented to the alleged inspection of their university residences, qualified immunity attaches and protects County Defendants from constitutional liability on Counts I and III of the Second Amended Complaint.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Counts I and III of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**III. Plaintiffs Fail To State A Claim For Failure To Train In Count IV Of The Second Amended Complaint**

25. In Count IV of the Second Amended Complaint, Plaintiffs baldly assert a claim against Defendants Ritter, Union County, and Montour County for allegedly failing to train their respective employees. Doc. 36 at ¶¶ 158-70.

26. "[A] municipality is only liable for failing to train its law enforcement employees when that 'failure amounts to deliberate indifference to the [constitutional] rights of persons with whom the police come in contact.'" Cruise v. Marino, 404 F. Supp. 2d 656, 674 (M.D. Pa. 2005).

27. This Honorable Court has explained that, in order to state a Section 1983 claim for deliberate indifference for failure to train, a plaintiff must show "that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Mills v. City of Harrisburg, 589 F. Supp. 2d 544, 556 (M.D. Pa. 2008), *aff'd*, 350 Fed. Appx. 770 (3d Cir. 2009) (quoting Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999)).

28. In their Second Amended Complaint, Plaintiffs merely state that Defendants Montour County, Union County, and Ritter "permitted their employees and/or law enforcement officers…to engage in conduct similar or identical to the

conduct discussed herein," and that "Defendants failed to provide additional training in an effort to remedy the unlawful conduct." Doc. 36 at ¶¶ 163-64.

29. Plaintiffs go on to restate the elements of a claim for deliberate indifference without proffering any factual support for a single element of the cause of action. Id. at ¶¶ 165-66.

30. Plaintiffs' claim rests solely on unsubstantiated assertions, conjecture, and a vaguely-crafted list of evidence that they hope to uncover through discovery. Id. at ¶ 167.

31. The Supreme Court of the United States has made clear that merely parroting the elements of a cause of action in a pleading is insufficient to satisfy federal pleading requirements. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

32. Plaintiffs' failure to train claim consists only of bald, conclusory allegations that this Court need not and should not credit when ruling on a motion to dismiss. Morsey v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

33. Plaintiffs have failed to state a legally sufficient claim for deliberate indifference for failure to train against Defendants Montour County, Union County, and Ritter.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Count IV of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. Plaintiffs Fail To State A Valid Monell Claim Against Defendant Montour County, Union County, And Ritter

34. In Count V of the Second Amended Complaint, Plaintiffs raise a Monell claim for municipal liability against Defendants Ritter, Union County, and Montour County. Doc. 36 at ¶¶ 171-77.

35. The United States Court of Appeals for the Third Circuit has stated that "[o]ur jurisprudence is clear that '[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom.'" McTernan v. City of York, 564 F.3d 636, 657 (3d Cir. 2009) (citing Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).

36. The Third Circuit has declared that in determining whether a policy or custom exists in order to attach liability to a municipality under Monell:

> A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law,

> 'such practices of [municipal] officials [are] so permanently and well-settled' as to virtually constitute law.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

37. Simply put, there is nothing in the Second Amended Complaint that substantiates the existence of any municipal policy, practice, or custom causally related to the constitutional deprivations that Plaintiffs allege.

38. Instead, Plaintiffs generically assert that "policymakers of the Defendant municipalities and entity either participated in, authorized, or acquiesced in, the unlawful conduct discussed herein; or adopted, implemented, and enforced, policies and practices that did not comport with state and federal law." Doc. 36 at ¶ 175.

39. Such vague, conclusory allegations should be afforded no weight.

40. In the absence of substantiated factual allegations tending to show the existence of a policy or custom promulgated by or adopted by Montour County, Union County, and Sheriff Ritter, Plaintiffs fail to state a Monell claim against County Defendants.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Count V of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V. Plaintiffs Fail To State A Valid First Amendment Claim Against The County Defendants

41. In Count II of the Second Amended Complaint, Plaintiffs attempt to assert a First Amendment claim against the Bucknell Defendants based upon retaliation.

42. Count II of the Second Amended Complaint does not assert any First Amendment claim against any of the County Defendants.

43. Nevertheless, Plaintiffs appear to allege, in part, claims in Count III against Defendant Ritter for supervisory liability for First Amendment violations, in Count IV against Defendant Ritter, Union County and Montour County for failure to train for First Amendment violations, and in Count V against Defendant Ritter, Union County and Montour County for municipal liability for First Amendment violations.

44. In light of no alleged underlying First Amendment violations by any County representatives, Plaintiffs cannot pursue such claims in Counts III, IV or V of the Second Amended Complaint.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss the First Amendment claims against them contained in Counts III, IV and V of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VI. Plaintiffs' Claim Arising Under The Pennsylvania Constitution Should Be Dismissed Because The Claim Is Moot And Because The Award Requested Is Unavailable As A Matter Of Law

45. In Count VI of their Second Amended Complaint, Plaintiffs raise a claim arising under Article I Section 8 of the Pennsylvania Constitution. Doc. 36 at ¶¶ 178-82.

46. Plaintiffs seek declaratory and injunctive relief, and also request costs and attorney's fees related to the claim. Id.

47. As this Honorable Court has stated, "[i]f a claim no longer presents a live case or controversy, the claim is moot and federal courts lack jurisdiction to hear it." Dobson v. Springettsbury Twp., No.04-CV-530, 2005 WL 1322805, at *2 (M.D. Pa. May 13, 2005) (citing Allen v. Wright, 468 U.S. 737, 750 (1984); Nextel Partners, Inc. v. Kingston Twp., 286 F.3d 687, 693 (3d Cir. 2002); Nextel West Corp. v. Unity Twp., 282 F.3d 257, 261 (3d Cir. 2002)).

48. Here, Plaintiffs do not allege that they still reside in residences owned by Defendant Bucknell.

49. In light of the fact that Plaintiffs no longer live on Bucknell's campus, they can never again be subject to an allegedly illegal inspection such as the one they complain of in this action.

50. Accordingly, Plaintiffs' claim for declaratory and injunctive relief is moot.

51. Moreover, even if Plaintiffs' claim was not moot, Plaintiffs are precluded from recovering costs and attorney's fees on a claim arising under Article I Section 8 of the Pennsylvania Constitution. See Sherwood v. Bear, No. 11-CV-40, 2012 WL 3679559, *13 (W.D. Pa. July 27, 2012).

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Count VI from the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**VII. Plaintiffs' Fail To State A Pendent State Law Claim For Civil Conspiracy Against County Defendants**

52. In Count IX of their Second Amended Complaint, Plaintiffs raise a pendent state law claim for civil conspiracy. Doc. 36 at ¶¶ 197-202.

53. Under Pennsylvania law, "[t]he essential elements of a claim or civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008) (citing Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004); McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998), *appeal denied*, 743 A.2d 921 (Pa. 1999)).

54. "Proof of malice, *i.e.*, intent to injure, is an essential part of a conspiracy cause of action and this unlawful intent must also be without

justification." Corrigan v. Methodist Hosp., 853 F. Supp. 832, 837 (E.D. Pa. 1994).

55. Plaintiffs raise no allegations of malicious intent on the part of County Defendants.

56. Instead, Plaintiffs vaguely and generically allege that County Defendants acted with malice and without legal justification, Doc. 36 at ¶ 199.

57. Merely restating the elements of a cause of action without providing factual support therefor is insufficient to state a claim under federal law. Twombly, 550 U.S. at 545; Iqbal, 556 U.S. at 678.

58. In the absence of substantiated allegations of malicious intent on the part of County Defendants, Plaintiffs fail to state a claim for civil conspiracy under Pennsylvania law.

WHEREFORE, County Defendants respectfully request that this Honorable Court dismiss Count IX of the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**VIII. The "Introduction" Section Of Plaintiffs' Second Amended Complaint Should Be Stricken As It Contains Prejudicial, Irrelevant Language In Violation Of Fed.R.Civ.P. 10**

59. Plaintiffs' have elected to begin their Second Amended Complaint with an "Introduction" section, a prose piece which quotes the Declaration of Independence and invites the Court to visit Arlington National Cemetery in

remembrance of those who have fought and died for individuals like Plaintiffs. Doc. 36.

60. As this Honorable Court has explained, "Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Conklin v. Anthou, No. 1:10-CV-2501, 2011 WL 1303299, *1 (M.D. Pa. Apr. 5, 2011) (quoting Fed.R.Civ.P. 12(f)).

61. Here, the language contained in the "Introduction" section of the Second Amended Complaint bears no relation to the allegations contained in the remainder of the pleading, and the inclusion of such mawkish language in the Second Amended Complaint stands to prejudice County Defendants.

WHEREFORE, County Defendants respectfully request that this Honorable Court strike the "Introduction" section of the Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Date: August 5, 2014 By: David L. Schwalm

David L. Schwalm, Esquire
Pa. Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for County Defendants

**CERTIFICATE OF SERVICE**

I, David L. Schwalm, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following through the Middle District's Electronic Filing System:

**By the Middle District Court via Electronic Filing**:

| | |
|---|---|
| Devon M. Jacob, Esquire | djacob@jacoblitigation.com |
| Amy C. Foerster | amy.foerster@bucknell.edu |
| Neil J. Hamburg | hamburgnj@hamburg-golden.com |

**THOMAS, THOMAS & HAFER, LLP**

Date: August 5, 2014

By: *David L. Schwalm*

David L. Schwalm, Esquire
Pa. Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643