Devon M. Jacob, Esquire | Pa. Sup. Ct. ID: 89182
JACOB LITIGATION
P.O. Box 837, Mechanicsburg, PA 17055-0837
717.796.7733 | djacob@jacoblitigation.com
**Attorney for Plaintiff**

David L. Schwalm, Esquire | Pa. Sup. Ct. ID: 32574
THOMAS, THOMAS & HAFER, LLP
P.O. Box 999, Harrisburg, PA 17108-0999
717.255.7643 | dschwalm@tthlaw.com
**Attorney for the County Defendants**

Amy C. Foerster, Esquire | Pa. Sup. Ct. ID: 77986
BUCKNELL UNIVERSITY
1 Dent Drive, Lewisburg, PA 17837
570.577.1149 | acf012@bucknell.edu

Neil J. Hamburg, Esquire | Pa. Sup. Ct. ID: 32175
Maureen P. Holland, Esquire | Pa. Sup. Ct. ID: 206327
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310, Philadelphia, PA  19103
hamburgnj@hamburg-golden.com | hollandmp@hamburg-golden.com
215.255.8592
**Attorneys for the Bucknell Defendants**

---

| | |
|---|---|
| **KEVIN WAGNER, et al.,** | **: Civil Action No.: 4:13-CV-3051** |
| **Plaintiffs,** | **: (Filed 12/19/2013)** |
| | **: (District Judge: Matthew W. Brann)** |
| **v.** | **:** |
| | **: CIVIL ACTION -- LAW** |
| **JULIE A. HOLTZAPPLE, et al.,** | **: JURY TRIAL DEMANDED** |
| **Defendants.** | **:** |

---

# JOINT CASE MANAGEMENT PLAN

---

    Having complied with the meet and confer requirements set forth in the LOCAL  RULES, or with any orders specifically modifying their application in the above-  captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1.    Principal Issues

### 1.1    Separately for each party, please give a statement summarizing this case:

**By Plaintiff:** In or around February of 2012, the Defendants planned and authorized unlawful searches to be conducted at Kappa Sigma Alpha Phi, 64 University Avenue, Lewisburg, PA 17837, and 23 University Avenue, Lewisburg, PA 17837. On February 16, 2012, it is believed that Defendants Holtzapple, Middleton, Griffiths, Stark, Ritter, Tice, Rosbosch, and King, and likely the remaining Defendants, personally conducted the unlawful searches. The aforementioned Defendants arrived at the buildings with law enforcement personnel in full uniform, and with two canines, Heidi and Cash, that had previously received specialized training and certification in narcotics detection. Heidi and Cash were owned by Defendants Montour County and Union County and participated in the search with the approval and consent of said Defendants. The Individual Defendants who were employed by the Defendant Counties were employed in the capacity of deputy sheriffs or sheriff.

At the time, the Plaintiffs and other students resided in the two buildings. The two buildings were private homes that had common areas shared by the Plaintiffs and others. The Plaintiffs had private homes that could be accessed from the common areas. The private homes could be locked by the Plaintiffs and were often locked. Despite the lack of a fire emergency, one or more of the Individual Defendants set off the fire alarms in both buildings. Upon hearing the fire alarms and believing that a fire emergency existed, the Plaintiffs and other occupants immediately exited the buildings. The Defendants seized physical control of the buildings from the Plaintiffs by using the C-CURE Access Control System to lock the doors, so that the Plaintiffs could not reenter the buildings.

Prior to seizing and entering the buildings, and subsequently, the private homes, (1) the Defendants did not have a valid arrest or search warrant that permitted them to lawfully enter, (2) the Defendants did not possess probable cause that a crime was being committed <u>and</u> exigent circumstances that necessitated an immediate entry, and (3) the Plaintiffs did not provide the Defendants with valid voluntary consent to do so. Once unlawfully inside the buildings, the Defendants used Heidi and Cash, and their eyes and hands, to search for drugs or other items that might violate the universities policies and/or local, state, and/or federal law. The Defendants left the common areas of the buildings and opened the closed doors to the private homes that belonged to the Plaintiffs and others.

Each building was seized and searched by the Defendants for approximately three hours. Despite the extensive unlawful search of the private homes of approximately 60 persons by law enforcement personnel at the taxpayer's expense, the search only resulted in the alleged discovery of a small amount of marijuana (only enough for personal use), a couple of bongs, a grinder, a few marijuana pipes, a hunting knife, a BB gun, a slingshot, and a lock picking set.

The following claims remain: **Count I** asserts a Fourth Amendment claim, pursuant to 42 U.S.C. § 1983, against the Individual Defendants. **Count II** asserts a Fourth Amendment Supervisory Liability claim, pursuant to § 1983, against Defendants Lantz, Marrara, Badal, Friedberg, Bromfield, Smyer, Bravman, and Ritter. **Count III** asserts a Fourth Amendment Municipal Liability claim, pursuant to § 1983, against Defendants Bucknell University, Montour County, and Union County. **Count IV** asserts a breach of contract claim, pursuant to Pennsylvania law, against the Bucknell Defendants. **Count V** asserts a vicarious liability claim, pursuant to Pennsylvania law, against Defendant Bucknell.

**By County Defendants:** Based upon information provided by Bucknell University, several weeks prior to the administrative inspection, a student was caught with marijuana that he was selling on campus. As a result of that incident, Bucknell made a decision to conduct an administrative inspection of housing on campus where they understood that the drugs were being distributed. The County Defendants became involved in this matter because they had drug dogs that were trained to detect marijuana and other drugs. These dogs are used for searches pursuant to search warrants and for administrative searches or inspections in other settings. These dogs were not previously used on the Bucknell campus. The drug dogs and their handlers go through regular training procedures. The County Defendants were advised that Bucknell did not intend to pursue criminal action against any students based on this administrative action.

The group of individuals and canines who were involved in this administrative inspection initially met at the offices of the Union County Sheriff. Bucknell officials advised the County Defendants that their legal counsel informed them that a search warrant was not necessary because they had the authority under the student handbook to conduct the administrative search or inspection to assure compliance with University policies. In addition, Bucknell officials again indicated that they did not intend to pursue criminal charges. Based on that information, the County Defendants, in good faith, believed that they could proceed without a search warrant.

The group then proceeded to the University housing on campus and the inspection was conducted.  Two canines were used by the Union County Sheriff's office, one canine from the Montour County Sheriff's office, and one canine was provided by the Pa. State Police.  If the drug dogs alerted to the presence of drugs in the room, Bucknell staff conducted the actual inspection of the location.  The County Defendants were not directly involved in the inspection or administrative search of any student's belongings.  As a result of the inspection, some drugs and paraphernalia were located by the University staff.  The County Defendants did not take possession or custody of any possessions.  The County Defendants were not involved in any subsequent actions taken against any students.

**By Bucknell Defendants:** On February 16, 2012, Bucknell University confiscated from a University-owned fraternity house and related dormitory suspected LSD tablets, marijuana, synthetic marijuana, a 5.5-inch hunting knife, a slingshot, a BB gun designed to look like a semiautomatic pistol, an 11-inch bong, a 16-inch bong, nine pipes, a digital scale, seven grinders and a lock-picking set. Bucknell's Dean of Students authorized this private administrative search consistent with the University's policies and student conduct procedures after a custodian found drug paraphernalia in the dormitory hallway trash can, and a member of Bucknell's faculty found a cell phone in her classroom with numerous texts suggesting drug activity.

Bucknell did not conduct this search for law enforcement purposes; in fact, it determined in advance and communicated with the County co-defendants that no students would be referred to the local, county or state police for arrest or prosecution as a result of the search.  Instead, the Dean of Students dealt with students found to have violated the University's policies in accordance with the Code of Conduct.  The University imposed sanctions that included on-campus community service and loss of off-campus housing privileges.  Most of the students accepted responsibility for their actions, and some even chose to write a letter of apology.  Of the three Plaintiffs, Kevin Wagner is the only one to have his room searched by a human. (The trained drug dog used for purposes of limiting the scope of any search did not identify the presence of drugs in the rooms assigned to Esty and Migliori.)  The search of Wagner's room turned up a marijuana grinder.  Wagner, who had a prior conduct record, was required to pay a $350 fine, undergo drug and alcohol counseling sessions, and complete 10 hours of university service.

**1.2    The facts the parties <u>dispute</u> are as follows:** See Plaintiffs' Fourth Amended Complaint, the Answer and Affirmative Defenses of the Bucknell University Defendants and the Answer and Affirmative Defenses of the County Defendants, and the Joint Motion of Defendants to Dismiss the Second Amended Complaint and Plaintiffs' Response thereto.

**<u>agree</u> upon are as follows:** See Plaintiffs' Fourth Amended Complaint, the Answer and Affirmative Defenses of the Bucknell University Defendants and the Answer and Affirmative Defenses of the County Defendants, and the Joint Motion of Defendants to Dismiss the Second Amended Complaint and Plaintiffs' Response thereto.

**1.3    The legal issues the parties <u>dispute</u> are as follows:** See Plaintiffs' Fourth Amended Complaint, the Answer and Affirmative Defenses of the Bucknell University Defendants and the Answer and Affirmative Defenses of the County Defendants, and the Joint Motion of Defendants to Dismiss the Second Amended Complaint and Plaintiffs' Response thereto.

**agree upon are as follows:** See Plaintiffs' Fourth Amended Complaint, the Answer and Affirmative Defenses of the Bucknell University Defendants and the Answer and Affirmative Defenses of the County Defendants, and the Joint Motion of Defendants to Dismiss the Second Amended Complaint and Plaintiffs' Response thereto.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None.

**1.5    Identify any named parties that have not yet been served:** None.

**1.6    Identify any additional parties who:**
       **Plaintiff intends to join:** None.
       **County Defendants intend to join:** None.
       **Bucknell Defendants intend to join:** None.

**1.7    Identify any additional claims that:**
       **Plaintiff intends to add:** None.
       **County Defendants intend to add:** None.
       **Bucknell Defendants intend to add:** None.

## 2.0    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by the Parties:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Kevin Wagner | Plaintiff |
| Fraser Esty | Plaintiff |
| Anthony Migliori | Plaintiff |
| Julie A. Holtzapple | Defendant/Public Safety Officer |
| James R. Middleton | Defendant/Public Safety Officer |
| Michael C. Griffiths | Defendant/Public Safety Officer |
| Degg H. Stark | Defendant/Public Safety Officer |
| Susan L. Lantz | Defendant/Former Dean of Students |
| Jason D. Friedberg | Defendant/Former Chief of Police |
| Lewis A. Marrara, II | Defendant/Assistant Dean of Students |
| Amy A. Badal | Defendant/Dean of Students |
| Wayne A. Bromfield | Defendant/Former General Counsel |
| Michael A. Smyer | Defendant/Former Provost |
| John C. Bravman | Defendant/President |
| Ernest R. Ritter, III | Defendant/Union County Sheriff |
| Jeffrey A. Tice | Defendant/Union County Deputy Sheriff |
| Justin M. Rosbosch | Defendant/ Union County Deputy Sheriff |
| Ryan E. King | Defendant/Montour County Deputy Sheriff |
| John Showers | Union County Commissioner |
| John Mathias | Union County Commissioner |
| Preston Boop | Union County Commissioner |
| Ken Holdren | Montour County Commissioner |
| Dan Hartman | Montour County Commissioner |
| Trevor Finn | Montour County Commissioner |
| Ray C. Gerringer | Montour County Sheriff |
| Ian Brash | N/A |
| Robert Bryson | N/A |
| Douglas Delbene | N/A |

Samuel Ferebee                    N/A
Andrew Howard-Johnson             N/A
Luke Peterson                     N/A
Kegun Ream                        N/A
Michael Riggins                   N/A
Joseph Selvaggio                  N/A
Leonardo Tonaki                   N/A
Dylan Turner                      N/A
Alexandria Valenti                N/A
Matthew Wich                      N/A
Brian Wurster                     N/A
Mitchell Wilson                   N/A
Marko Agbaba                      N/A
Christopher Barnes                N/A
Patrick Calamare                  N/A
Robert Caputo                     N/A
Ian Cuthberston                   N/A
Michael DiGalbo                   N/A
Corey Fenton                      N/A
John Frelinger                    N/A
Andrew Fried                      N/A
Michael Grasso                    N/A
Taylor Gray                       N/A
Michael Howard-Johnson            N/A
Ariel Hughes                      N/A
Brett Jureller                    N/A
David Kashan                      N/A
Juliet Kelso                      N/A
Andrew Lair                       N/A
Katharine Leonard                 N/A
Kyle Mackrides                    N/A
Gevon Madrid                      N/A
Ryan Mextorf                      N/A
William N. Napoli                 N/A
Nicholas Ohler                    N/A
Patrick O'Keefe, Jr.              N/A
Daniel O'Shea                     N/A
Charles Phillips                  N/A
Zachary Romano                    N/A
Zachary Ross                      N/A

John Schanz, Jr.                    N/A
E. Thomas Sprague                   N/A
Craig Tuller                        N/A
Walter Watkins, IV                  N/A

**3.0     Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
| --- | --- | --- |
| Regarding Education Records | Bucknell Defendants | January 29, 2016 |
| Summary Judgment | All Parties | By deadline set by Court |

**4.0     Discovery**

**4.1     Briefly describe any discovery that has been completed or is in progress:**
**By Plaintiff:** None.
**By County Defendants:** None.
**By Bucknell Defendants:** None.

**4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

**By the Parties:** The Parties agree that written discovery should be conducted, and that the depositions of the Parties and witnesses should be conducted.

**4.3     Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party</u> objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:** None.

**4.4     Identify any <u>subject area limitations on discovery</u> that one or more**

8

parties would like imposed, at the first stage of or throughout the litigation: None.

**4.5** **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants):**

**4.5.1 depositions (excluding experts) to be taken by:**

Plaintiff:     10 (limit per group of Plaintiffs)
Defendants:  10 (limit per group of Defendants)

**4.5.2 interrogatories to be served by:**

Plaintiff:     25 (limit per group of Plaintiffs on any group of Defendants)
Defendants:  25 (limit per group of Defendants on any group of Plaintiffs/Defendants)

**4.5.3 document production requests to be served by:**

Plaintiff:     25 (limit per group of Plaintiffs on any group of Defendants)
Defendants:  25 (limit per group of Defendants on any group of Plaintiffs/Defendants)

**4.5.4 requests for admission to be served by:**

Plaintiff:     25 (limit per group of Plaintiffs on any group of Defendants)
Defendants:  25 (limit per group of Defendants on any group of Plaintiffs/Defendants)

**4.6     Discovery of Electronically Stored Information**

**Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

The Parties agree that they will produce ESI just like other information in discovery in accordance with the Federal Rules of Civil Procedure, including limitations on the scope of discovery, as provided for the in the Federal Rules of Civil Procedure. If, in the future, the parties disagree on the propriety of production of ESI, or of the scope of discovery, they will have the right to present the discovery

issue to the Court following the dispute process specified by the Court.

**Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:** None.

## 5.0    Protective Order

**5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

**5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:** N/A

## 6.0    Scheduling

**<u>Amend Pleadings and Joinder of Parties</u>:**

Leave to amend pleadings should be governed by Rule 15 of the Federal Rules of Civil Procedure.

**<u>Fact Discovery</u>:** On or before October 3, 2016

**<u>Expert Reports</u>:**
  **Plaintiff's Expert Reports:** March 3, 2017
  **Defendants' Expert Report:** April 3, 2017
  **Supplementation of Expert Reports:** April 17, 2017

**<u>Expert Discovery</u>:** May 1, 2017

**<u>Dispositive Motions & Briefs</u>:** December 2, 2016

**<u>Proposed Month/Year for Pretrial Conference</u>:** May of 2017

**<u>Proposed Month/Year for Trial</u>:** July of 2017

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

**I hereby certify that the following individual(s) have settlement authority:**

**<u>Plaintiff</u>**

Kevin Wagner, Fraser Esty, and Tony Migliori
c/o Devon M. Jacob, Esquire | Pa. Sup. Ct. ID: 89182
Jacob Litigation, P.O. Box 837, Mechanicsburg, PA 17055-0837
717.796.7733 | djacob@jacoblitigation.com

**<u>County Defendants</u>**

Cassandra Piaskowski, SCLA
Claim Representative III
County Commissioners Association of Pennsylvania
P.O. Box 60769
Harrisburg, PA 17106-0769

**<u>Bucknell Defendants</u>**

John C. Bravman, President
Bucknell University
1 Dent Drive
Lewisburg, PA 17837

**8.0    Alternative Dispute Resolution ("ADR")**

**8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.** N/A

**8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

**<u>By Plaintiff:</u>** Plaintiff believes that this case is appropriate for non-binding mediation using the Middle District's mediation program.

11

**8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:** N/A

**9.0    Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:** All parties <u>do not</u> agree to jurisdiction by a magistrate judge of this court.

**If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:** N/A

**10.0   Other Matters:** None.

**11.0   Identification of Counsel**

Date: January 27, 2016        By:    s/*Devon M. Jacob*
                                     DEVON M. JACOB, ESQUIRE
                                     Pa. Sup. Ct. I.D. 89182
                                     Email: djacob@jacoblitigation.com
                                         ECF User: Yes
                                         Waiver requested:  No
                                         Fed.R.Civ.P.7.1: N/A

Date: January 27, 2016        By:    s/*David L. Schwalm*
                                     DAVID L. SCHWALM, ESQUIRE
                                     Pa. Sup. Ct. ID: 32574
                                     Email: dschwalm@tthlaw.com
                                         ECF User: Yes
                                         Waiver requested:  No
                                         Fed.R.Civ.P.7.1: N/A

Date: January 27, 2016      By:    s/*Amy C. Foerster*

                                     AMY C. FOERSTER, ESQUIRE
                                     Pa. Sup. Ct. ID: 77986
                                     Email: acf012@bucknell.edu
                                         ECF User: Yes
                                         Waiver requested:  No
                                         Fed.R.Civ.P.7.1: Filed

Date: January 27, 2016      By:    s/*Neil J. Hamburg*

                                     NEIL J. HAMBURG, ESQUIRE
                                     Pa. Sup. Ct. ID: 32175
                                     Email: hamburgnj@hamburg-golden.com
                                         ECF User: Yes
                                         Waiver requested:  No
                                         Fed.R.Civ.P.7.1: Filed

Date: January 27, 2016      By:    s/*Maureen P. Holland*

                                     MAUREEN P. HOLLAND, ESQUIRE
                                     Pa. Sup. Ct. ID: 206327
                                     Email: dschwalm@tthlaw.com
                                         ECF User: Yes
                                         Waiver requested:  No
                                       Fed.R.Civ.P.7.1: Filed